```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
DANIEL SORIANO,
                                                        MEMORANDUM AND ORDER
                    Plaintiff,
                                                        Case No. 1:20-cv-04171-FB
        -against-

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
---------------------------------------------------x
```

| | |
|---|---|
| *Appearances:* | *For the Defendant:* |
| *For the Plaintiff:* | BREON PEACE |
| MELTZER, FISHMAN, MADIGAN & CAMPBELL | United States Attorney |
| Attorneys for Plaintiff | Eastern District of New York |
| By: EDWARD J. MADIGAN | By: JEFFREY J. LEIFERT |
| 225 Broadway, Suite 2605 | Special Assistant United States Attorney |
| New York, New York 10007 | 271 Cadman Plaza East, 7th Floor |
| | Brooklyn, New York 11201 |

**BLOCK, Senior District Judge:**

     Daniel Soriano ("Soriano") seeks review of the Commissioner of Social Security's ("Commissioner") decision to deny his application for disability benefits. Both parties move for judgment on the pleadings.[1] For the following

---

[1] Soriano moves for relief under 42 U.S.C. § 405(g), which authorizes the Court to enter "upon the pleadings . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

reasons, Soriano's motion is granted, the Commissioner's denied, and this case remanded for further administrative proceedings.

I.

Soriano applied for disability benefits on February 22, 2017, claiming a May 29, 2015 protective filing date, April 20, 2015 disability onset date, and June 10, 2019 disability end date. The Commissioner denied Soriano's application on April 20, 2017, and Soriano requested a hearing by an Administrative Law Judge on April 27, 2017. Soriano appeared with counsel and testified before an Administrative Law Judge ("ALJ") on December 11, 2018.

The ALJ issued an unfavorable decision on October 29, 2019. Although she determined that Soriano suffered from several "severe impairments," including "major depressive disorder, generalized anxiety disorder, panic disorder without agoraphobia, right shoulder rotator cuff tear status . . . post arthroscopy, status . . . post right ankle ORIF and hardware removal, cervical radiculitis, myofascial thoracic pain syndrome, lumbosacral radiculopathy with axonal degeneration, and obesity," the ALJ found that Soriano did not have an impairment that was the equivalent of a listed impairment. A.R. 13. Moreover, the ALJ determined that Soriano had the residual functional capacity ("RFC") to perform sedentary work "with the following limitations: lift/carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk 4 hours, and sit 6 hours in an 8-hour workday." A.R.

14. She wrote that Soriano could "occasionally climb, balance, stoop, kneel, crouch, and crawl," but that "[h]e should avoid unprotected heights and hazardous moving machinery, and . . . extremes of humidity/wetness/vibration." *Id.* The ALJ concluded that Soriano "can do low-stress work . . . requiring only occasional decision-making and judgment, only occasional changes in work setting, procedures and tools, and only occasional interaction with co-workers and the general public." *Id.*

Based on this assessment, the ALJ further concluded that Soriano could perform such sedentary, unskilled jobs as table worker, sorter, and addresser, and that Soriano was therefore not disabled. *See* A.R. 19–20. The Social Security Appeals Council declined to hear Soriano's appeal; therefore, ALJ's decision became final. This action followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

3

## III.

The treating physician rule[2] dictates that the opinion of a treating physician as to the nature and severity of an impairment is given "'controlling weight' so long as it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (citing 20 C.F.R. § 404.1527(d)(2)). In deciding whether the ALJ gave "appropriate weight" to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019). At step one, "the ALJ must decide whether the opinion is entitled to controlling weight." *Id.* at 95. At step two, "if the ALJ decides the opinion is not entitled to controlling weight, [he or she] must determine how much weight, if any, to give it" and must "explicitly consider" the four nonexclusive *Burgess* factors:

> (1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.

*Estrella*, 925 F.3d at 95–96 (citing *Burgess*, 537 F.3d at 129; 20 C.F.R. § 404.1527(c)(2)).

---

[2] The treating physician rule, elaborated in *Burgess*, was repealed in 2017. *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (citing 20 C.F.R. § 404.1527(d)(2)). However, the rule continues to apply to cases where applications for DIB and SSI were filed prior to the repeal, as is the case here.

4

Here, the ALJ failed to properly weigh the opinions of both Dr. Christopher Kyriakides, an orthopedist who has been treating Soriano since 2015, and Dr. Bruce Schweiger, a psychiatrist who has been treating Soriano since 2013. *See* A.R. 36–37. The ALJ assigned little weight to the opinion of Dr. Kyriakides, Soriano's orthopedist who sees him every two months and whose studies revealed Soriano suffered from disc extensions, disc bulging, disc herniations, and radiculopathy. *See* A.R. 16. Dr. Kyriakides opined that Soriano could stand only five minutes at a time, sit upright only ten minutes at a time, and lift up to five pounds at a time—limitations that would disqualify Soriano from performing sedentary work. *See* A.R. 17–18. Still, the ALJ concluded that Dr. Kyriakides' opinion was only entitled to little weight because it was unsupported by diagnostic evidence, clinical findings, and Soriano's treatment history. A.R. 18. This was error. Dr. Kyriakides is a treating physician whose opinion was supported by the results of the many tests and EMG studies he performed on Soriano, and the ALJ should have given his opinion controlling weight.

Additionally, the ALJ failed to systematically analyze Dr. Kyriakides' opinion using the four *Burgess* factors. This was a "procedural error." *Estrella*, 925 F.3d at 96. If the "Commissioner has not [otherwise] provided 'good reasons' for [the] weight assignment," the appropriate remedy is remand for the ALJ to "comprehensively set forth [his] reasons." *Id.*; *see also Guerra v. Saul*, 778 Fed.

5

Appx. 75, 77 (2d Cir. 2019). Therefore, remand here would be appropriate solely to ensure the *Burgess* factors may be given due consideration with regards to Dr. Kyriakides.

However, the ALJ assigned some weight to the opinion of Dr. Schweiger, Soriano's psychiatrist who saw him frequently for nine months and then sporadically afterwards whenever Soriano's mental illnesses were triggered. Dr. Schweiger prescribed Soriano Zoloft, Xanax, and Ambien to help Soriano manage his panic disorder, anxiety, and depression (although Soriano reports his anxiety still being triggered at least once per day). *See id.* Dr. Schweiger[3] opined that Soriano had mental impairments that caused mild limitations understanding, remembering, carrying out, and making judgments on simple instructions and work-related decisions; moderate restrictions in interacting appropriately with the public, supervisors, and coworkers; and marked limitation in responding appropriately to usual work situations and changes in a routine work setting. Still, the ALJ concluded that Dr. Schweiger's opinion was only entitled to little weight because it was unsupported by Soriano's treatment history from the period in question showing minimal positive findings. But Dr. Schweiger is a treating psychiatrist whose opinion was supported by the medical records of his prescribing

---

[3] The ALJ consistently misspells Dr. Bruce Schweiger's name throughout her opinion, referring to him as "Bruce Shauvender, M.D."

6

Soriano antidepressants and anti-anxiety medication as well as Soriano's testimony that he experiences approximately one severe anxiety attack per day. Therefore, the ALJ should have afforded Dr. Schweiger's opinion controlling weight, and the ALJ again erred at step one of the *Estrella* framework.

The ALJ failed to properly accord the opinions of Dr. Kyriakides and Dr. Schweiger appropriate weight, constituting legal error.

## CONCLUSION

Because the ALJ's determination was tainted by legal error, Soriano's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 24, 2022